**OLSHAN FROME WOLOSKY LLP**
1325 Avenue of the Americas
New York, NY 10019
   -and-
744 Broad Street, 16th Floor
Newark, New Jersey 07102
Tel: (973) 331-7200
E-mail: sshaffer@olshanlaw.com

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD M. HOFFMAN, individually and on behalf of those similarly situated,<br><br>       Plaintiff,<br><br>-against-<br><br>NORTH AMERICAN NUTRACEUTICALS, LLC,<br><br>       Defendant. | Civil Action No.: _____<br><br>(previously pending in the Superior Court of New Jersey, Bergen County, Law Division as BER-L-7937-20)<br><br>**NOTICE OF REMOVAL** |

**TO: THE CLERK OF THE COURT AND THE HONORABLE JUDGES OF THE UNITED STATES COURT FOR THE DISTRICT OF NEW JERSEY:**

**PLEASE TAKE NOTICE** that defendant North American Nutraceuticals, LLC (hereinafter, "North American" or "Defendant"), by and through the undersigned counsel, hereby removes the above-captioned action from the Superior Court of New Jersey, Bergen County Law Division to the United States District Court for the District of New Jersey. In support of this Notice, North American respectfully states:

### THE REMOVED ACTION

1. On or about December 21, 2020, Plaintiff Harold M. Hoffman ("Hoffman" or "Plaintiff"), an attorney licensed in the State of New Jersey, filed a *pro se* putative class action lawsuit on behalf of himself and a purported nationwide class of similarly situated persons against North

1

American, a Delaware corporation, in the Superior Court of New Jersey, Bergen County Law Division.

2. Hoffman's initiating pleading is styled Complaint and Jury Demand in Class Action ("Complaint") and captioned *Harold M. Hoffman, individually and on behalf of those similarly situated against North American Nutraceuticals, LLC*, Docket No. BER-L-7937-20. Pursuant to Rule 5.1 of the Local Civil Rules in the District of New Jersey, true and correct copies of the Summons and Complaint and any other state court filings made up until the date of this Notice are annexed hereto as **Exhibit A.**

3. North American was served with the Summons and Complaint no earlier than December 21, 2020. Thus, this Notice of Removal has been filed on a timely basis.

4. The Complaint contains five counts, all alleging that North American is liable to attorney Hoffman and each class member under the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-1 *et seq.* (hereinafter "CFA").

5. Specifically, Hoffman alleges that North American advertises, markets, distributes and sells an illegal unapproved drug under the brand name Sanguenol. *See* Ex. A at pp. 1-2.

6. Hoffman alleges that the sale of Sanguenol violates two federal statutes, the Food, Drug and Cosmetic Act ("FDCA") and the Dietary Supplement Health and Education Act ("DSHEA"). Ex. A at p. 2-3 and ¶¶14-15.

7. The Complaint demands the following relief: recovery of all funds received from sales of Sanguenol, treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees and civil penalties pursuant to N.J.S.A. 56:8-19 and "any other and further relief as the Court deems just and proper." Ex. A at ¶¶ 42, 45, 48, 51 and 54.

8. The Complaint seeks to certify a nationwide class comprised of all Sanguenol purchasers throughout the United States for the four-year period preceding the filing of the lawsuit. Ex. A at ¶34.

9. North American denies that it engaged in any wrongdoing or violated any law.

10. North American also denies that Hoffman and the purported class members are entitled to any recovery in this action.

## THIS COURT POSSESES FEDERAL SUBJECT MATER JURISDICTION

11. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant… to the district court of the United States for the district and division embracing the place where such action is pending."

12. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d) (hereinafter, "CAFA"), because:

   a. The action filed by Hoffman in the Superior Court of New Jersey, Bergen County Law Division, is a "class action" as defined in 28 U.S.C. §1332(d)(1)(B);

   b. Minimal diversity is satisfied. Specifically, at least one member of the putative class is a citizen of a different state than the defendant;

   c. The amount in controversy exceeds $5,000,000, exclusive of interest and costs, as required by 28 U.S.C. §1332(d)(2). *See* Certification of Cheryl Marie, attached hereto as **Exhibit B**; and

   d. There are more than 100 members of the proposed class. *See* Ex. B.

Minimal Diversity Exists

13. Hoffman is a member of the putative class, and by his own allegation, he is a resident of the State of New Jersey. *See* Complaint at ¶1.

14. Sanguenol is marketed and sold throughout the United States. *See* Complaint at ¶4; Ex. B.

15. Both at the time Hoffman filed the Complaint, and continuing to the present time, North American was and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Florida. *See* Complaint at ¶2; Ex. B.

16. Based on the foregoing, minimal diversity exists because at least one member of the class is a citizen of a different state than Defendant (Hoffman – New Jersey vs. North American – Delaware/Florida). *See* 28 U.S.C. §1132(d)(2).

The Amount in Controversy Exceeds $5,000,000

17. Removal is proper because based upon a fair reading of both the Complaint and the Notice of Removal, Hoffman and the putative class members could recover more than $5,000,000.

18. "In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." *Samuel-Bassett v. KIA Motors America, Inc.,* 357 F.3d 392, 398 (3d Cir. 2004); *Frederico v. Home Depot*, 507 F.3d 188, 196-97 (3d Cir. 2007).

19. Because Hoffman has not stated an exact sum sought in the Complaint, the Court may rely upon facts alleged in this Notice of Removal, as well as those alleged in the Complaint. *See Frederico*, 507 F.3d at 197 ("to determine whether the minimum jurisdictional amount has been met in a diversity case removed to a district court, a defendant's notice of removal serves the same function as the complaint would if filed in the district court"); *Russ v. Unum Life Ins. Co.,*

442 F.Supp.2d 193, 197 (D.N.J. 2006) ("If the complaint… does not allege a specific amount, the court must perform an independent appraisal of the value of the claim by looking at the petition for removal or any other relevant evidence").

20. Hoffman alleges he paid $46.90 for Sanguenol in December of 2020. Ex. A at ¶1.

21. Plaintiff asserts claims on behalf of a putative class consisting of consumers nationwide, *i.e.* from every state, who purchased the Product. Ex. A at ¶34.

22. Hoffman alleges North American illegally sold Sanguenol for the four-year period preceding the filing of the Complaint. Ex. A at ¶7. Thus, the proposed class includes purchasers of Sanguenol throughout the United States from December 2017 to the present.

23. Through the Complaint, Hoffman alleges the putative class would not have paid any price at all for Sanguenol. He seeks recovery of all funds received by Defendant from sales of Sanguenol. Ex. A at ¶17-18.

24. Specifically, the Complaint alleges Plaintiff and members of the class suffered ascertainable losses "in the form of actual out of pocket payment and expenditure." Ex. A at ¶31.

25. To date, the sum of the putative class members' out-of-pocket payments during the six-year time period in question exceeds $5,000,000. *See* Ex. B.

26. Hoffman also demands treble damages together with pre-judgment and post-judgment interest, fees, costs, attorney's fees and civil penalties pursuant to N.J.S.A. 56:8-19 and "any other and further relief as the Court deems just and proper." Ex. A. at ¶¶ 42, 45, 48, 51 and 54.

27. These additional amounts asserted under the CFA count towards the jurisdictional minimum analysis. *See Frederico*, 507 F.3d at 199 (potential attorney's fees are included in the jurisdictional analysis under CAFA); *Lawton v. Basic Research, LLC,* Civil No. 10–6341, 2011

WL 1321567 at *3 (D.N.J. Apr. 4, 2011) (treble damages). Based on the sum of consumers' out-of-pocket payments during the time period in question (as set forth in Exhibit B), the potential trebled damages independently exceed the jurisdictional threshold of $5,000,000.

28. The Complaint seeks an award of attorney's fees, which adds the potential of a 30% increase to the amount in controversy, if not more.

29. Although North American disputes liability and any entitlement of Hoffman or the proposed class to any monetary relief, based upon a fair reading of this Notice of Removal together with the Complaint — including consideration of the relief sought, the class definition, and the scope and size of the class — the Complaint seeks damages which exceed the minimum jurisdictional amount of $5,000,000 under CAFA.

30. Defendant hereby reserves the right to include additional factors and calculations increasing the amount in controversy in the event the propriety of removal is challenged.

## VENUE AND OTHER REMOVAL REQUIREMENTS ARE SATISFIED

31. Venue in the District of New Jersey is proper under 28 U.S.C. §1441(a), because this district embraces Bergen County, New Jersey, where the Complaint was originally filed.

32. As required by 28 U.S.C. §1446(b), a true and correct copy of this Notice of Removal is being served on Hoffman, and a true and correct copy of same will be promptly filed with the Clerk of the Superior Court of Bergen County, New Jersey. Attached hereto as **Exhibit C** is a Notice certifying that Hoffman was served with notice that the Complaint has been removed.

33. Attached hereto as **Exhibit D** is a copy of the Notice of Filing Notice of Removal that is being filed concurrently with the state court in Bergen County. This serves to notify the state court that this case has been removed.

34. This Notice of Removal is filed within thirty days after Defendant was served with the Complaint and therefore is timely under U.S.C. §1446(b).

35. Defendant has not yet filed a responsive pleading in the action commenced by Plaintiff in the Superior Court of New Jersey, Bergen County, Law Division against Defendant, and no other proceedings have transpired in that action.

**WHEREFORE,** defendant North American hereby removes the Complaint, and this action in its entirety, from the Superior Court of New Jersey, Bergen County Law Division to United States District Court for the District of New Jersey.

Dated: January 8, 2021

Respectfully submitted,

**OLSHAN FROME WOLOSKY LLP**

_____
Scott Shaffer
1325 Avenue of the Americas
New York, NY 10019
          -and-
744 Broad Street, 16th Floor
Newark, New Jersey 07102
Tel: (973) 331-7200
E-mail: sshaffer@olshanlaw.com

*Attorneys for Defendant North American Nutraceuticals, LLC*