NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD M. HOFFMAN, individually and on behalf of those similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>NORTH AMERICAN NUTRACEUTICALS, LLC,<br><br>  Defendant. | Civil Action No.: 21-00445<br><br>OPINION |

**CECCHI, District Judge.**

**I.      INTRODUCTION**

This matter comes before the Court by way of Plaintiff Harold Hoffman's ("Plaintiff") motion to remand this putative class action to the Superior Court of New Jersey, Bergen County (the "Superior Court") (ECF No. 6). Defendant North American Nutraceuticals, LLC ("Defendant") opposed the motion (ECF No. 7), and Plaintiff replied (ECF No. 8). Magistrate Judge Andre M. Espinosa issued a Report and Recommendation ("R&R") concluding that Plaintiff's motion to remand should be granted (ECF No. 9). Defendant subsequently objected to, and Plaintiff replied in support, of Magistrate Judge Espinosa's R&R (ECF Nos. 10, 11).[1] The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below the Court adopts Magistrate Judge Espinosa's R&R, grants Plaintiff's motion to remand, denies the parties' cross-motions for sanctions, and dismisses this action without prejudice.

---

[1] While the parties also cross-moved for sanctions in their initial briefing (ECF Nos. 7 and 8), they did not subsequently object to Magistrate Judge Espinosa's conclusion in the R&R that their cross-motions for sanctions should be denied (ECF No. 9).

## II.     BACKGROUND

The Court need not restate the history of this action in detail as described in Magistrate Judge Espinosa's R&R.  As relevant here, Plaintiff, a New Jersey resident, commenced this putative class action against Defendant, a company incorporated in Delaware with its principal place of business located in Florida, in the Superior Court on December 21, 2020, alleging that Defendant defrauded purchasers of its male virility product (the "Product") by making false and unlawful claims regarding the therapeutic nature of the Product, in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq*.  ECF No. 1-1 (Superior Court Complaint).  Plaintiff brings this action on behalf of himself and a putative class consisting of "all nationwide purchasers of [the Product], who purchased such product during the four-year period preceding the filing of this suit," and seeks damages for the price of each Product sold.  *Id.* at ¶ 34.

On January 8, 2021, Defendant removed this action to this Court pursuant to 28 U.S.C. § 1441, purporting to invoke federal subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  ECF No. 1.  Specifically, Plaintiff asserted that this Court has original jurisdiction over this putative class action because (1) minimal diversity is satisfied, as at least one member of the putative class is a citizen of a different state than Defendant; (2) there are more than 100 members of the proposed class; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  *Id.* at ¶ 12.

On January 15, 2021, Plaintiff filed the instant motion to remand pursuant to 28 U.S.C. § 1447(c), arguing that this Court lacks subject matter jurisdiction under CAFA and, therefore, that Defendant had no basis to remove this action, because Defendant has failed to establish that Plaintiff has placed in excess of $5 million (CAFA's jurisdictional minimum) in controversy.  ECF

No. 6. Defendant submitted a sworn certification executed by Cheryl Marie, Defendant's owner, which was challenged by Plaintiff, in which Marie attested that:

> When considering [Defendant's] sales of [the Product] throughout the United States over the four years immediately preceding the filing of Mr. Hoffman's Complaint, as well as the additional relief sought by Mr. Hoffman in his Complaint, the amount in controversy in this action exceeds $5,000,000.

ECF No. 1-2 at ¶ 7.

### III. LEGAL STANDARD

When a magistrate judge addresses motions that are considered dispositive, such as a motion to remand, the magistrate judge submits a report and recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2); *see also Laferta v. Kone Elevator*, No. 09-03285, 2010 WL 2178983, at *1 (D.N.J. May 26, 2010) ("Motions to remand to state court are dispositive motions."). Further, where, like here, a party objects to a report and recommendation, the district court must then make "a *de novo* determination of those portions to which the litigant objects" (*see Ionfrida v. Babick*, No. 20-15585, 2021 WL 2177514, at *2 (D.N.J. May 28, 2021) (citations omitted)), and the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may also receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

### IV. DISCUSSION

As noted above, the only question for this Court on *de novo* review of Plaintiff's motion to remand is whether Defendant has established by a preponderance of the evidence that Plaintiff has placed in excess of $5 million in controversy, as required under CAFA.

CAFA "provides the federal district courts with 'original jurisdiction' to hear a 'class action' if [(1)] the class has more than 100 members, [(2)] the parties are minimally diverse, and [(3)] the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (citations omitted). With respect to CAFA's final requirement, the jurisdictional threshold amount, the statute provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6); *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (noting that aggregate amount to be considered in assessing the amount in controversy includes compensatory damages as well as, where applicable, treble damages, punitive damages, and attorneys' fees).

In a case removed to federal court pursuant to CAFA, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). However, where, like here, the plaintiff contests the removing defendant's assertion regarding the amount in controversy, the defendant must then establish, by a "preponderance of the evidence," that the amount in controversy exceeds' $5 million.[2] *La Stella v. Aquion*, Inc., No. 19-10082, 2020 WL 7694009, at *5 (D.N.J. Dec. 28, 2020) ("If jurisdiction is challenged, Defendant must establish

---

[2] Although Defendant argues that the "legal certainty standard," as opposed to the preponderance of the evidence standard, applies in this particular context (ECF No. 10 at 6), the District Court previously held in a separate case involving Plaintiff that "the appropriate standard to assess the amount in controversy is the preponderance of the evidence standard . . . not the legal certainty standard." *Hoffman v. Teleflora LLC*, No. 15-4810, 2016 WL 423648, at *3 (D.N.J. Jan. 19, 2016), *report and recommendation adopted*, 2016 WL 438962 (D.N.J. Feb. 3, 2016); *see also Smith v. HSN, Inc.*, No. 20-12869, 2020 WL 7022640, at *4 (D.N.J. Nov. 30, 2020) (on a motion to remand, finding that where a plaintiff challenges a defendant's assertion regarding whether the amount in controversy is satisfied under CAFA, the Court must "find, by the preponderance of the evidence, that the threshold dollar amount is met") (citations omitted).

that the jurisdictional threshold has been satisfied by a preponderance of the evidence; a plausible, good faith allegation of the amount in controversy is not sufficient.") (citations omitted); *see also Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006) ("Under CAFA, the party seeking to remove the case to federal court bears the burden to establish that the amount in controversy requirement is satisfied.") (citations omitted).

After reviewing the record, the Court agrees with Magistrate Judge Espinosa's recommendation that this action be remanded to the Superior Court for lack of subject matter jurisdiction, as Defendant has failed to establish, by a preponderance of the evidence, that Plaintiff has placed in excess of $5 million in controversy. Defendant's certification—its proffered evidence—summarily concludes that, when considering Defendant's sales of the Product during the class period, "the amount in controversy . . . exceeds $5,000,000." ECF No. 1-2 at ¶ 7. Defendant's damages assertion, however, is not grounded "on some reasonable inference that can be drawn from fact," as Defendant fails to articulate the basis in which it formulated this calculation. *See Callery v. HOP Energy, LLC*, No. 20-3652, 2021 WL 1141650, at *4 (E.D. Pa. Mar. 24, 2021). The Court further notes that Defendant has not produced the underlying data in support of its damages assertion to either Plaintiff or the Court.[3]

---

[3] Plaintiff challenges Defendant's damages assertion contending that, in addition to treble damages and attorneys' fees, Defendant would have had to have sold over 27,000 units of the Product for the amount in controversy to exceed $5 million (ECF No. 9 at 7–8)—a calculation to which Defendant does not respond.

As to the alleged implausibility of Defendant's damages assertion, Magistrate Judge Espinosa found that:

> "[Defendant] offers merely the conclusory certification of Nutraceutical's owner regarding sales revenue generated by the Product. Plaintiff emphasizes that Defendant's amount-in-controversy assertion is, in his view, implausible, even illustrating his point with a rough calculation, but Defendant makes no effort to

Therefore, as the Court cannot reasonably infer from the present record that the amount in controversy in this action exceeds $5 million, Defendant has not met its burden under CAFA. *See Id.* ("Defendant has not yet produced the underlying data to support its estimated damages, to which Plaintiff does not have access. Defendant has therefore not established the amount in controversy requirement under CAFA . . . [as] the removing party's assumptions must be grounded on some reasonable inference that can be drawn from fact.") (citations omitted); *see also La Stella*, 2020 WL 7694009, at *7 (granting plaintiffs' motion to remand where the defendant's jurisdictional assertions were "wholly conclusory," "perfunctory," and "entirely speculative"); *cf. Grace v. T.G.I. Fridays, Inc.*, No. 14-7233, 2015 WL 4523639, at *7 (D.N.J. July 27, 2015) (denying motion to remand where defendant met its burden of establishing that the amount in controversy exceeded $5 million based on its submission of precise sales estimates).

V.      **CONCLUSION**

Accordingly, for the reasons set forth above, the Court adopts Magistrate Judge Espinosa's R&R (ECF No. 9). Plaintiff's motion to remand (ECF No. 6) is granted, and this action is dismissed without prejudice. An appropriate Order accompanies this Opinion.

**DATED**: August 27, 2021

                                                                          **CLAIRE C. CECCHI, U.S.D.J.**

---

   rebut his demonstration. Although Plaintiff's breakdown of sales figures is presented in the reply brief, the illustration simply elaborates on the implausibility argument Plaintiff asserted in his opening brief."

ECF No. 9 at 8–9.